**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: October 02, 2025.**

**MICHAEL M. PARKER**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 25-60062-mmp |
| PATRICK D. HORACE, SR., | § | |
| | § | Chapter 11 |
| Debtor. | § | (Subchapter V) |

**ORDER CONFIRMING SUBCHAPTER V DEBTOR'S FIRST AMENDED PLAN DATED AUGUST 22, 2025 UNDER 11 U.S.C. § 1191(b)**

On September 30, 2025, the Court held a hearing (the "Confirmation Hearing") to consider confirmation of the *Subchapter V Debtor's First Amended Plan Dated August 22, 2025* (the "Plan")[1] [ECF No. 141] filed by Patrick D. Horace, Sr. (the "Debtor"). Present or making appearances at the hearing were counsel for the Debtor, the Debtor, Michael Colvard, the Subchapter V Trustee appointed in this case (the "Sub-V Trustee" or "Trustee"), counsel for certain creditors who have entered an appearance in this case, and counsel for the United States Trustee. The Court has reviewed the Plan, considered the documents admitted into evidence and

[1] Capitalized terms used herein without definition shall have the meanings provided for in the Plan.

the testimony of witnesses present at the hearing, considered the statements and arguments of counsel, the docket of this bankruptcy case, and considered any other relevant factors affecting the case as set forth on the record.

BASED UPON THE FOREGOING, THE COURT FINDS AND DETERMINES AS FOLLOWS:

A. The Debtor filed this case on February 1, 2025 (the "Petition Date"), and was qualified to be a Debtor under 11 U.S.C. § 109. The Debtor was also qualified and elected to proceed as a small business debtor under Subchapter V of the Bankruptcy Code as that term is defined by 11 U.S.C. § 1182(1).

B. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(a) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L) and (O), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and whether it should be confirmed. Venue in the Western District was proper on the Petition Date and continues to be proper under 28 U.S.C. § 1408.

C. Every person or entity required to receive notice of the hearing on confirmation of the Plan, as well as the Plan voting and Plan objection deadlines set by the Court, received timely and adequate notice as required by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002 and 9014 of the Bankruptcy Code.

D. The Contents of the Plan (with any modifications as set forth below) satisfy the applicable requirements of 11 U.S.C. § 1190 and any other applicable requirements of the Bankruptcy Code.

E. The Plan (with any modifications as set forth below) and the Debtor have satisfied all applicable requirements of the plan under 11 U.S.C. § 1129(a), except for 11 U.S.C. §

1129(a)(8) and/or 1129(a)(10). Thus, the Plan cannot be confirmed under 11 U.S.C. § 1191(a). However, the Plan can and should be confirmed under 11 U.S.C. § 1191(b), as the Plan (with any modifications as set forth below) does not discriminate unfairly and is fair and equitable with respect to each impaired class of claims and interests that have not accepted the Plan as required by 11 U.S.C. § 1191(c).

F. The Plan (with any modifications as set forth below) and the Debtor have satisfied all other requirements of the Bankruptcy Code and Bankruptcy Rules necessary to confirm the Plan.

G. The Court specifically finds that there is cause under 11 U.S.C. § 1194(b) for the Debtor to serve as Disbursing Agent under the Plan.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Subchapter V Debtor's First Amended Plan Dated August 22, 2025 [ECF No. 141] filed by the Debtor and attached hereto as "Exhibit A" is hereby CONFIRMED and approved in each and every respect as a nonconsensual plan pursuant to 11 U.S.C. § 1191(b), with the modifications set forth below.

2. To the extent any objections to confirmation of the Plan have not been resolved or withdrawn, any such objections are hereby denied.

3. The effective date of the plan shall be October 15, 2025 (the "Effective Date"), notwithstanding anything to the contrary in the Plan.

4. In the event of a conflict between provisions of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

5. Within three days after the Effective Date, the Debtor shall serve notice of (i) entry of this Confirmation Order; (ii) the occurrence of the Effective Date; and (iii) any bar dates and

any other deadlines set by the Plan ("Notice") pursuant to Bankruptcy Rule 3020(c). The Notice shall be sent to all creditors and parties-in-interest by first class mail, postage prepaid. The Debtor shall thereafter promptly file a copy of such Notice with proof of mailing with the Court.

6. The provisions of the Plan, and any documents executed in conjunction with the Plan, and this Confirmation Order are, as of the Effective Date, effective and binding on the Debtor, all creditors of the Debtor, and any other parties-in-interest, as well as their respective heirs, successors, assigns, or other persons claiming through them. The failure to specifically describe or include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be approved and confirmed in its entirety subject to the modifications set forth herein. Each provision of the Plan shall be deemed authorized and approved by this Confirmation Order, subject to the modifications set forth herein, and shall have the same binding effect of every other provision in the Plan, whether or not mentioned in this Confirmation Order.

7. The Debtor shall make the payments to creditors required by the Plan under 11 U.S.C. § 1194(b) (the Debtor, as "Disbursing Agent"). The Debtor shall distribute plan payments in accordance with the terms of this Order and the Plan as stated in the Plan until all required payments have been made.

8. The Disbursing Agent shall file a report three months after the Effective Date and every three months thereafter detailing payments made by the Debtor and disbursements made under the Plan (the "Post-Confirmation Reports"). The Debtor shall file a certificate of service indicating that the Post-Confirmation Report required by this paragraph has been timely served on the Sub-V Trustee.

9. Within fourteen days of entry of this Order, the Debtor shall provide the Sub-V Trustee with a list of allowed claims, associated account numbers, the amount of such claims, and the correct mailing address for the Disbursing Agent to send plan payments. If there are any disputed claims, the Debtor shall provide a separate list of such disputed claims and an estimated date of resolution. The Debtor shall file a certificate of service indicating that the claim information required by this paragraph has been timely served on the Sub-V Trustee.

10. Except as otherwise provided in the Plan, no distributions will be made with respect to a disputed claim until the resolution of such dispute by settlement or final order. The provisions of this section are not intended to restrict payment of any allowed claims which are not disputed. Until a disputed claim is resolved, the Disbursing Agent shall hold any portion of plan payments that would be disbursed to the claimant if the claim were allowed in full, subject to a final resolution of the disputed claim. Upon resolution in favor of the allowed claim, the Disbursing Agent will distribute withheld funds to the claimant within the next payment period. If the disputed claim is disallowed, the Disbursing Agent will make withheld funds available to allowed claim holders in accordance with the terms of the Plan within the next payment period. Notwithstanding the above, the Disbursing Agent is under no obligation to reserve funds for an unliquidated claim.

11. Disbursements may be delivered by the Disbursing Agent to (i) the address stated in the Schedules by the Debtor, (ii) the address for payment set forth on a proof of claim filed by the claimant or its authorized agent; or (iii) at the address set forth in any written notices of change of address delivered to the Disbursing Agent. If any distribution to a claimant of an allowed unsecured claim is returned to the Disbursing Agent as undeliverable, no further distributions shall be made to such claimant unless and until the Disbursing Agent is notified in writing of such claimant's correct mailing address, at which time all currently due distributions shall be made to

such claimant as soon as practicable. Undeliverable distributions shall remain in the possession of the Disbursing Agent until such time as a distribution becomes deliverable and shall not be supplemented with any interest, dividends, or other accruals of any kind. If, despite reasonable effort, the Disbursing Agent is unable to obtain the information necessary to deliver a distribution within six (6) months following the return of the undeliverable distribution, the Disbursing Agent shall deposit the amount with the Clerk of Court in accordance with 11 U.S.C. § 347(a).

12. The Trustee shall file all reports required by 11 U.S.C. § 1183(b)(1) in the manner prescribed by the United States Trustee Program. Upon completion of the Plan, the Trustee shall file a final report and seek a discharge of his duties as Trustee.

13. The Trustee shall be compensated for his post-confirmation duties at his approved hourly rate. The Trustee may file a notice setting forth post-confirmation fees and expenses on a quarterly basis with the Court. All parties in interest will have fourteen (14) days after the notice is filed to object to the Trustee's fees and expenses disclosed therein. If no objection is received, the Debtor shall pay the Trustee without further order of the Court.

14. The Trustee shall file a post-confirmation final fee application within ninety (90) days of the notice of completion of plan payments. The final fee application shall include all compensation received and disclosed in the quarterly post-confirmation notices filed with the Court.

15. The Debtor and his respective agents and attorneys are hereby authorized, empowered, and directed to carry out the provision of the Plan and to perform the acts and execute and deliver the documents as are necessary or appropriate in connection with the Plan and this Order.

16. Nothing in this Confirmation Order or the Plan shall in any way operate to, or have the effect of, impairing or extinguishing in any respect any causes of action disclosed on the Debtor's schedules or arising under Chapter 5 of the Bankruptcy Code or any other claims or defenses owned by the Debtor on the Effective Date, and the Debtor shall retain such claims as provided in the Plan, including any claims or defenses that may not have been defined in the Plan but are nonetheless owned by the Debtor on or before the Effective Date. After the Effective Date, the Debtor may, in accordance with the terms of the Plan, evaluate and determine whether to pursue any such retained claims.

17. Except as otherwise expressly provided in the Plan, all payments and other distributions to be made under the Plan shall be deemed timely and proper if mailed by first class mail on or before the date of distribution provided for in the Plan to the address listed in the creditor's proof of claim filed in this case, or if no proof of claim is filed, to the creditor's last known mailing address.

18. Pursuant to 11 U.S.C. § 1192, within thirty (30) days of the filing of the Sub-V Trustee's NDR or TFR, the Debtor shall file a motion for entry of the discharge order. In the motion for entry of discharge, the Debtor shall certify that (i) all payments required under the confirmed Plan have been made; (ii) all administrative expenses, including the approved fees and expenses of the Sub-V Trustee have been paid in full; and (iii) that the Debtor is entitled to entry of discharge.

19. The Debtor and all holders of claims and interests are bound by the Plan within the meaning of 11 U.S.C. § 1141.

20. The Court shall retain jurisdiction of this case for all purposes provided in 11 U.S.C. §§ 1127(b) and 1142, and Bankruptcy Rule 3020(d).

21. All property of the estate shall remain vested in the estate until the Debtor completes all the payments under the Plan and a discharge is entered herein. In addition, property of the estate shall include all property identified in 11 U.S.C. § 1186. If the Debtor's bankruptcy case is subsequently converted to chapter 7, all property of the estate shall automatically vest in and become property of the bankruptcy estate of the Debtor in the converted chapter 7 case.

22. This Confirmation Order is a final order and effective and enforceable immediately upon entry and the period in which an appeal must be filed shall commence upon the entry hereof.

23. The following non-material Plan modifications are hereby approved:

**Treatment of Secured Claim (Class 3) of Bell County Tax Appraisal District**:

Paid in full with interest of 12% per annum, interest to accrue on taxes for tax years 2024 and prior from the petition date and from 2/1/2026 on taxes for tax year 2025. On October 1, 2025, Debtor shall remit the portion of the claim for costs of suit in the amount of $1,719.00 to McCreary, Veselka, Bragg & Allen, PC. Thereafter, beginning on November 1, 2025 and continuing on the 1st day of each month for an additional 50 months, the Debtor shall remit equal monthly installments to Bell, through McCreary, Veselka, Bragg & Allen, PC, on the remainder of Bell's claim. The equal monthly installment is estimated to be $1,268.36 but is subject to adjustment through stipulation of the Debtor and Bell, based on actual amounts assessed for currently estimated tax amounts. Claim treated as secured pursuant to Texas Tax Code sections 32.01 and 32.05. Bell County shall retain all outstanding ad valorem tax liens until each such year's taxes have been fully paid. Debtor to fully pay annual ad valorem taxes to Bell beginning tax year 2026 in the ordinary course of business and prior to the applicable state law delinquency date. Default controlled by 6.1 of the Plan with the additional terms that, as to Bell, default notices are limited to two (2) notices as to default on pre-petition tax payments and to one (1) default notice as to default on post-confirmation tax payments.

**Treatment of Secured Claim (Class 2(f)) of Ford Motor Credit Company, LLC**:

Allowed Secured Claim in the amount of $39,062.50 will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $778.10, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months. Deficiency in the amount of $31,182.77 to be classified and treated as a general unsecured claim. The Allowed Secured Claim amount shall be subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency.

**Treatment of Secured Claim (Class 2(i)) of Mitsubishi HC Capital America, Inc.**:

Allowed Secured Claim in the amount of $87,449.76 will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $1,794.17, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months. Deficiency in the amount of $67,629.63 to be classified and treated as a general unsecured claim. The Allowed Secured Claim amount shall not be subject to adjustment of claim balance to account for prior monthly adequate protection payments.

**Treatment of All Secured Creditors**:

Secured creditors of the Debtor shall retain their liens until the secured portion of its claims are paid in full. Secured creditors in Plan Classes 1(a), 1(b), and all members of Class 2 shall be paid interest on allowed secured claims at the current federal prime interest rate plus one percent (1%) (the "Interest Rate"). Such Interest rate shall be determined as of the Plan Effective Date, and re-determined on each annual anniversary date of the Effective Date. Throughout the duration of the Plan term, the Debtor shall include in its Post-Confirmation Reports a statement of the current Interest Rate applied to the claims described in this paragraph.

**Modification of Plan Article 6.1(B)**:

The second paragraph of Article 6.1(B) is hereby replaced with the following:

With respect to Classes of Secured Claims, the following additional terms of default shall apply: Should the Debtor fail to make any payments as required in this Plan, the Secured Creditor shall provide of that default by sending written notice via U.S. First Class Mail to the Debtor and by email to the Debtor's attorney(s), advising of that default, and providing the Debtor with a period of twenty-one (21) days to cure the default. Debtor is entitled to one (1) notice of default. In the event the default is not cured within twenty-one (21) days and the Debtor fails to timely make a payment pursuant to the terms of the Plan, the automatic stay will lift as to the Secured Creditor(s)' collateral, and the Secured Creditor may, without further Court order or notice to the Debtor, pursue all of its available rights and remedies, including, but not limited to, taking possession of the Secured Creditor(s)' collateral and foreclosing on its lien without further notice or hearing before the Bankruptcy Court.

**Treatment of Claims Certain Personal Injury Plaintiff**:

Nothing in the Plan or this Confirmation Order shall prejudice, release, or enjoin the ability of Katelyn Martinez ("Martinez") to litigate to judgment or settlement her claims asserted against the Debtor and other non-debtor defendants currently pending in Case No. 2021-05876 in the 269th Judicial District Court of Harris County, Texas, styled *Katelyn Martinez v. Patrick Horace et al.* (the "Martinez Action"). Martinez is permitted to pursue her claims in the Martinez Action to final judgment or settlement, including any appeal, and to collect any final judgment or settlement from applicable insurance coverage, if any. Collection against Debtor is otherwise subject to the Plan's terms, as modified by this Confirmation Order, for the administration and distribution of claims.

Debtor reserves all rights and defenses with respect to the claims in the Martinez Action as available under applicable law.

**"True-Up" Reconciliation for the Benefit of General Unsecured Creditors**:

On the fifty-ninth (59th) month of the Plan Term, should the Debtor's available cash on hand exceed an operational reserve of $50,000.00, the Debtor shall dedicate such excess amounts toward a final pro rata distribution to Class Four (4) General Unsecured Creditors. If any funds remain after distribution to unsecured creditors reaches 100%, such funds shall be retained by the Debtor.

# # # END OF ORDER # # #

*Order submitted by*:

Bach W. Norwood
TX State Bar No. 24134529
HAYWARD PLLC
7600 Burnet Road, Suite 530
Austin, TX 78757
Tel./Fax: (737) 881-7100
E-mail: bnorwood@haywardfirm.com

**EXHIBIT "A"**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 25-60062-mmp |
| PATRICK D. HORACE, SR., d/b/a | § | |
| PATRICK'S DELIVERY SERVICE, | § | |
| | § | Chapter 11 (Subchapter V) |
| Debtor, | § | |

# SUBCHAPTER V DEBTOR'S FIRST AMENDED PLAN DATED AUGUST 22, 2025

This is the plan of reorganization[1] in the chapter 11, subchapter V case of Patrick D. Horace, Sr., d/b/a Patrick's Delivery Service (the "Debtor"). You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan. You may wish to consult an attorney about your rights and your treatment under the Plan.

## NONSTANDARD PROVISIONS

☒ **If this box is checked, the Plan contains nonstandard provisions in Article 6.**

## SUMMARY OF THE PLAN AND DISTRIBUTIONS TO CREDITORS

If approved, the Debtor will pay his disposable income into the Plan, which is projected to result in 100% payment of all allowed secured claims, and approximately 31% payment of all allowed general unsecured claims according to Bankruptcy Code priorities.

## ARTICLE 1

## RELEVANT BACKGROUND AND FINANCIAL INFORMATION FOR DEBTOR

☐ **If this box is checked, this Article is impacted by a nonstandard provision.
Please review Article 6 of the Plan for further details.**

### 1.1 Nature of the Debtor's Business.

The Debtor operates an intra-state trucking, delivery, and freight transportation service to warehouses in Dallas, Austin, and Houston, as well as some residential and commercial curbside delivery services. The types of parcels delivered include plumbing equipment, manufacturing

[1] This Plan conforms to the Form Plan featured in Appendix SubV-3 of the Local Rules of this Court.

supplies, and retail items such as toys and footwear. The Debtor maintains a fleet of approximately thirty box trucks and tractor trailers.

**1.2 History of Business Operations of the Debtor.**

The Debtor has owned and operated his business for approximately twenty-five (25) years. During such time, the business has grown to its current operations levels, employing approximately thirty (30) 1099 drivers, and expanding to the Dallas-Fort Worth, Austin, and Houston markets.

**1.3 Legal Structure and Ownership.**

The Debtor operates his business as a sole proprietorship, doing business as Patrick's Delivery Service.

**1.4 Events Leading to the Filing of the Bankruptcy Case.**

The Debtor filed for relief under chapter 11 due to legacy debt obligations and litigation exposure which threatened the business's liquidity. In the present reorganization, the Debtor has projected operational solvency and positive cash-flow.

**1.5 Filing of the Debtor's Chapter 11 Case.**

On February 1, 2025, the Debtor filed a voluntary petition for relief under the Bankruptcy Code (the "Code"). The chapter 11, subchapter V case is pending in the Bankruptcy Court in the Western District of Texas. The Debtor's amended schedules of assets and liabilities are available at docket number 42, and the Debtor's statement of financial affairs is also available at docket number 42.

**1.6 Liquidation Analysis.**

To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as **Exhibit A**.

**1.7 Feasibility Analysis.**

The Debtor must also show that it/he/she will have enough cash over the life of the Plan to make the required Plan payments and operate the Debtor's business. The Debtor has provided projected financial information as **Exhibit B**. Based on the plan projections, the Debtor's monthly disposable income, as that term is defined by 11 U.S.C. § 1191(d), to be committed to the payment of claims for the period described in 11 U.S.C. § 1191(c)(2) is $1,766,982.22.

**1.8 Avoidable Transfers.**

The Debtor completed an initial investigation with regard to prepetition transactions and did not discover any avoidable transfers. However, the Debtor reserves the right, upon further review, to commence the recovery of any avoidable transfer. If you received a payment or other transfer of property that is fraudulent, preferential, or other avoidable transfer under the Code, the Debtor may seek to avoid such transfer.

## ARTICLE 2

## THE PLAN

☒ **If this box is checked, this Article is impacted by a nonstandard provision. Please review Article 6 of the Plan for further details.**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code proposes to pay creditors of the Debtor from future income from the Debtor's business operations. Treatment of Creditors' claims is determined by which class such claim belongs to. Claims have been classified below in accordance with section 1122 of the Code.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interest holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan.

A class that is not impaired is deemed to accept the Plan.

### 2.1 Unclassified Claims.

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses and Priority Tax Claims are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class:

- Texas Workforce Commission (see below)

**A. Administrative Expenses**

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid in accordance with this Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant or court order. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Administrative Tax Claim [taxing authority/type of tax] | N/A | Payment through the Plan as follows: |
| Debtor's counsel fees and expenses | $100,000.00 | Payment through the Plan as follows: monthly payments commencing in 2026 of different amounts as identified in Exhibit C, subject to the Bankruptcy Court awarding fees. Hayward PLLC has $0 in retainer. |
| Angelo DeCaro Quadrus Consulting (Financial Advisor) | To be determined. | Payment through the Plan as follows: Payment in full upon Effective Date. |
| Subchapter V Trustee | $15,000.00 | Payment through the Plan as follows: Mr. Colvard should be paid in full through confirmation, however, any remaining balance of Court awarded fees, accounting for post-petition security payments, shall be paid $1,500.00 per month until paid in full. Debtor believes that Mr. Colvard has $9,500 in retainer, as of the filing of the Plan. |
| Other Administrative Claim: [detail] | N/A | |
| TOTAL | $115,000.00 | |

**B. Priority Tax Claims.**

Priority Tax Claims are unsecured income, employment, and other taxes described by 11 U.S.C. § 507(a)(8). Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding five years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Texas Workforce Commission – Unemployment Taxes | $12,638.97 | January 31, 2025 | Paid in full with interest of 12% per annum in paid monthly installments of $770.75 beginning on October 1, 2025, and continuing on the first day of each month for 18 months. |

**2.2 Classes of Claims and Equity Interests.**

The following are classes of claims set forth in the Plan, and the proposed treatment that they will receive under the Plan:

**A. Classes of Secured Claims**

Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims under 11 U.S.C. § 506. Debtor proposes *three separate classes* of secured claims. First, the Secured Claims that will be paid in full as Secured Claims and not subject to bifurcation. Second, the Secured Claims that are partially secured and thus subject to bifurcation under 11 U.S.C. §506. Meaning that the value of the collateral is less than what is owed to the creditor. The bifurcation of the claim will result in a portion of the overall claim being treated as a general unsecured claim. Third, the taxing authority at Bell County will be in its own secured class due to *ad valorem* taxes, which shall be paid in full at its statutory interest.

If the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim. In addition, certain claims secured only by the Debtor's principal residence, may require different treatment pursuant to 11 U.S.C. § 1190(3) as set forth below, if applicable.

All Secured Claims will be paid an interest rate of "Prime plus 1%", unless indicated otherwise. Debtor's **Exhibit B**, the financial projections and the amounts listed below are payments based upon the current Prime plus 1% rate which is, as of the filing of this Plan, 8.5% (7.5% + 1%). Because the interest rate will adjust with fluctuations of the Prime Rate, the actual payments in the future may change.

Attached hereto as **Exhibit C** is a list of secured claims relating to personal, household debts of the Debtor which remain unchanged by this Plan, including personal vehicles and residential mortgages, all of which are paid out of Patrick Horace's personal income (insider payroll). A copy of Mr. Horace's personal budget is attached as **Exhibit E**.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 1(a) | *Secured Claim of:*<br>Financial Pacific Leasing, Inc. d/b/a Umpqua Bank Vendor Finance<br><br>Collateral Description:<br>2016 Kenworth (VIN 1XKYDP9X2GJ133383) | No | Impaired | Allowed Secured Claim will be paid in full, with interest of prime + 1% per annum, paid in monthly installments of $873.99, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months. |

| | | | | |
|---|---|---|---|---|
| | 2016 Kenworth (VIN 1XKYDP9X2GJ133384)<br><br>Allowed Secured Amount: $28,728.98*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | | | |
| 1(b) | *Secured Claim of:*<br>TD Bank, N.A.<br><br>Collateral Description:<br>2021 Ford F450 (VIN 1FT8W4DT1MED78267)<br><br>Allowed Secured Amount: $44,746.63 *<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest of Prime + 1% per annum, paid in monthly installments of $1,369.20, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months. |
| Class # | Description | Insider? | Impairment | Treatment |
| 2(a) | *Secured claim of:* Ameris Bank d/b/a Balboa Capital<br><br>Collateral description:<br>2018 Peterbilt (VIN 1XPBDP9X3JD439661)<br>Allowed Secured Amount: $26,872.00*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in estimated monthly installments of $551.32, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $26,674.24 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(b) | *Secured Claim of:*<br>Amur Financial Services<br><br>Collateral Description:<br>2020 International (VIN 1HTEUMML6LH808724)<br>2019 International (VIN 3HAMMMML2KL570116)<br><br>Allowed Secured Amount:<br>$19,911.40*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $408.51, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $122,666.67 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(c) | *Secured Claim of:*<br>Auxilior Capital Partners, Inc.<br><br>Collateral Description:<br>2016 Peterbilt (VIN 1XPBDP9X8GD334414)<br>2016 Peterbilt (VIN 1XPBDP9X8GD334415)<br><br>Allowed Secured Amount:<br>$16,367.55*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $335.81, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $12,904.69 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(d) | *Secured Claim of:*<br>Blue Bridge Financial, Inc. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per |

| | | | | |
|---|---|---|---|---|
| | Collateral Description:<br>2017 Freightliner (VIN 3ALACWDT8HDHV3630)<br><br>Allowed Secured Amount:<br>$26,543.08*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | | | annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $544.57, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $42,433.43 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(e) | *Secured Claim of:*<br>BMO Harris Bank<br><br>Collateral Description:<br>2019 International (VIN 3HAEUMML3KL096438)<br>2019 International (VIN 3HAEUMML9KL303379)<br>2020 International (VIN 3HAEUMML7LL868859)<br>2019 International (VIN 3HAEUMML3LL868860)<br>2020 International (VIN 3HAEUMML4LL868821)<br>2022 International (VIN 3HAEUMML6NL166552)<br>2022 International (VIN 3HAEUMML8NL166553)<br>2023 International (VIN 3HAEUMML5PL378507)<br>2023 International (VIN 3HAEUMML7PL378508)<br>2019 International (VIN 3HAEUMMLXKL426866)<br><br>Allowed Secured Amount:<br>$354,356.62* | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $7,270.17, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $115,086.00 to be classified and treated as a general unsecured claim. |

| | | | | |
|---|---|---|---|---|
| | *Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | | | |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(f) | *Secured Claim of:*<br>Ford Motor Credit<br><br>Collateral Description:<br>2022 Ford F150 (VIN 1FTFW1E50NKD05822)<br><br>Allowed Secured Amount:<br>$33,779.92*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $693.05, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $30,568.27 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(g) | *Secured Claim of:*<br>JB&B Capital<br><br>Collateral Description:<br>2017 Freightliner (VIN 3ALACWDT9HDJG7480)<br><br>Allowed Secured Amount:<br>$27,765.36*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $569.65, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $12,732.88 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(h) | *Secured Claim of:*<br>Midland States Bank d/b/a Midland Equipment Finance<br><br>Collateral Description:<br>2017 Kenworth (VIN 1XKZD49XXHJ150596)<br>2018 Kenworth (VIN 2NKHHM6X5JM149787)<br>2018 Kenworth (VIN 2NKHHM6X5JM149790)<br>2018 Kenworth (VIN 2NKHHM6X6JM149832)<br><br>Allowed Secured Amount:<br>$166,833.72*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $3,422.85, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $138,384.30 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(i) | *Secured Claim of:*<br>Mitsubishi HC Capital America, Inc.<br><br>Collateral Description:<br>2023 International (VIN 3HSDZAPR4PN178634)<br>2017 International (VIN 1HTMMMML3HH462666)<br><br>Allowed Secured Amount:<br>$87,449.76*<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $1,794.17, beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $67,629.63 to be classified and treated as a general unsecured claim. |

| | | | | |
|---|---|---|---|---|
| | during pre-confirmation case pendency. | | | |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(j) | *Secured Claim of:*<br>Tandem Finance, Inc. (Pawnee Leasing Corporation)<br><br>Collateral Description:<br>2016 Peterbilt (VIN 2NPNHM6X6GM354623)<br><br>Allowed Secured Amount:<br>$24,566.00 *<br><br>*Subject to adjustment of claim balance to account for prior monthly adequate protection payments made during pre-confirmation case pendency. | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $504.01 , beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $14,038.00 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2(k) | *Secured Claim of:*<br>Tycoon Capital Group<br><br>Collateral Description:<br>Accounts Receivable<br><br>Allowed Secured Amount:<br>$40,000.00 | No | Impaired | Allowed Secured Claim will be paid in full, with interest per annum at the current federal prime interest rate plus one percent (1%), paid in monthly installments of $820.66 , beginning on October 15, 2025, and continuing on the 15th day of each month for 60 months.<br><br>Deficiency in the amount of $99,123.44 to be classified and treated as a general unsecured claim. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 3 | Bell County Tax Appraisal District – Personal Property Ad Valorem Taxes | No | Impaired | Paid in full with interest of 12% per annum in paid monthly installments of |

| | | | | |
|---|---|---|---|---|
| | | | | $1,112.22, beginning on October 1, 2025, and continuing on the 1st day of each month for 60 months.<br><br>Claim treated as secured pursuant to Texas Tax Code sections 32.01 and 32.05.<br><br>Bell County shall retain all outstanding ad valorem tax liens until each such year's taxes have been fully paid. |

**B. Classes of Priority Unsecured Claims.**

Certain priority Claims that are referred to in 11 U.S.C. §§ 507(a)(1), (4), (5), (6), and (7) are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under 11 U.S.C. §§ 507(a)(1), (4), (5), (6), and (a)(7) and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**C. Class[es] of General Unsecured Claims**

General Unsecured Claims are not secured by property of the estate and are not entitled to priority under 11 U.S.C. § 507(a). A table of all claims, their estimated amounts, whether the claim is allowed or disputed, and their anticipated distribution under the Plan is attached hereto as **Exhibit D**.

The following chart identifies the Plan's proposed treatment of general unsecured Class[es], which contain general unsecured Claims against the Debtor:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 4 | General Unsecured Class | Impaired | Allowed unsecured claims will be paid pro rata with other members of General Unsecured Class in monthly installments of $7,500 beginning on March 15, 2026, and continuing on the 15th day of each month for 52 months. The estimated recovery for members of this Class is $412,500. Members of this Class, including the unsecured portion of a Secured |

| | | | |
|---|---|---|---|
| | | | Creditor's Claim, shall receive a pro-rata share of the payments to the General Unsecured Creditor Class. |

**D. Class[es] of Equity Interest Holders**

Equity Interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company, the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the class[es] of Equity Interest holders:

| **Class #** | **Names & Description** | **Impairment** | **Treatment** |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

**2.1 <u>Claims Allowance Process</u>.**

Any Claim detailed on the Debtor's schedules for which the Debtor did not select disputed, unliquidated, or contingent is deemed an allowed claim under this Plan. For all other Claims, the Claimant must file a Proof of Claim by the Bar Date in order to receive a distribution under the Plan.

The Debtor may object to the amount or validity of any Claim within sixty days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan.

No partial distributions will be made with respect to a Disputed Claim until the resolution of such dispute by settlement or Final Order. The provisions of this section are not intended to restrict payment of any Allowed Claims which are not disputed. Until a Disputed Claim is resolved, payment distributions to claimants holding disputed claims will be retained by the Disbursing Agent subject to a final resolution of the Disputed Claim. Upon resolution in favor of the Allowed Claim the Disbursing Agent will distribute withheld funds within the next payment period. If the Disputed Claim is disallowed, the Disbursing Agent will make withheld funds available to allowed claim holders within the next payment period in accordance with this Plan.

**2.2 <u>Treatment of Executory Contracts and Unexpired Leases</u>.**

The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the Effective Date:

**Debtor will file a separate schedule of assumed and/or rejected leases prior to a hearing on the Plan.**

Except for the executory contracts and unexpired leases that have been assumed, and if applicable assigned, herein, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

**A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty days after the date of the order confirming this Plan.**

Any claim based on the rejection of an executory contract or unexpired lease under this section will be barred if the proof of claim is not timely filed unless the Bankruptcy Court orders otherwise.

**2.3 Means for Implementation of the Plan.**

The Plan will be funded through the Debtor's continued operations, and creditors will be paid from disposable income.

**2.4 Payments by Disbursing Agent.**

If the Plan is confirmed under 11 U.S.C. §1191(a), payments to Creditors provided for in the Plan will be made by the Debtor.

**If the Plan is confirmed under 11 U.S.C. § 1191(b), the Debtor proposes that the Debtor act as the Disbursing Agent. There is cause to have Debtor serve as the Disbursing Agent, instead of the Subchapter V Trustee, because the Debtor's income is relatively stable, and unsecured creditors will receive a higher distribution via savings in Sub V Trustee fees.**

**2.5 Post-Confirmation Management.**

The Post-Confirmation Officers/Managers of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|---|---|---|
| Patrick D. Horace, Sr. | Owner, Manger. | Year 1: $4,000.00 weekly.<br>Year 2: $4,120.00 weekly.<br>Year 3-5: $4,243.60 weekly<br>. |

**2.6 Tax Consequences of the Plan.**

***Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.***

The following are the anticipated tax consequences of the Plan: Creditors may have tax consequences due to the delay in payment as opposed to receiving the payment as per contract terms. The interest could be treated as ordinary income. Creditors should consult with a tax professional regarding how to report the payments from the Plan on its tax returns.

## ARTICLE 3

## DISCHARGE.

**3.1 [Option 1 – If 11 U.S.C. § 1141(d)(3) is not applicable]**

Discharge. **If the Plan is confirmed under 11 U.S.C. § 1191(a),** on the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in 11 U.S.C. § 1141(d) of the Bankruptcy Code; or

**If the Plan is confirmed under 11 U.S.C. § 1191(b),** as soon as practicable after completion by the Debtor of all payments due under the Plan, unless the court approves a written waiver of discharge executed by the Debtor after the order for relief under this chapter, the court shall grant the Debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title and provided for in this Plan, except any debt— on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by the court; or

(1) if applicable, of the kind specified in section 523(a) of this title.

## ARTICLE 4

## GENERAL PROVISIONS.

**☐ If this box is checked, this Article is impacted by a nonstandard provision. Please review Article 6 of the Plan for further details.**

### 4.1 Vesting of Property of the Estate.

If a plan is confirmed under 11 U.S.C. § 1191(a), except as otherwise provided in the Plan or in the order confirming the Plan, (i) confirmation of the Plan vests all of the property of the estate in the Debtor, and (ii) after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

If a plan is confirmed under 11 U.S.C. § 1191(b), property of the estate includes, in addition to the property specified in § 541, all property of the kind specified in that section that the Debtor acquires, as well as earnings from services performed by the Debtor, after the date of commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 12, or 13 of the Bankruptcy Code, whichever occurs first. Except as provided in 11 U.S.C. § 1185 of the Bankruptcy Code, the Plan, or the order confirming the Plan, the Debtor shall remain in possession of all property of the estate.

### 4.2 Binding Effect.

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

### 4.3 Severability.

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**4.4 Retention of Jurisdiction by the Bankruptcy Court.**

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters:

(i) to make such orders as are necessary or appropriate to implement the provisions of this Plan and to resolve any disputes arising from implementation of the Plan;

(ii) to rule on any modification of the Plan proposed under 11 U.S.C. § 1193;

(iii) to hear and allow all applications for compensation to professionals and other Administrative Expenses and enter final orders;

(iv) to resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases, and

(iv) to adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

**4.5 Captions.**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

## ARTICLE 5

## DEFINITIONS

**5.1** The definitions and rules of construction set forth in 11 U.S.C. §§ 101 and 102 shall apply when terms defined or construed in the Code are used in this Plan and they are supplemented by the following definitions:

**A.** "Administrative Expense" or "Administrative Claim" means any cost or expense of the administration of the Chapter 11 Cases incurred on or before the Plan Effective Date entitled to priority under § 507(a)(2) and Allowed under § 503(b) of the Bankruptcy Code, and all fees and charges assessed against the Estates pursuant to 28 U.S.C. § 1930.

**B.** "Allowed," as it relates to any type of Claim provided for under this Plan, means a Claim:

(i) which has been scheduled as undisputed, noncontingent, and liquidated in the Schedules in an amount other than zero or unknown, and as to which:

a. no Proof of Claim has been timely filed; and

b. no objection has been timely filed (as determined by applicable deadlines contained in

this Plan, including the Claims Objection Deadline);

(ii) as to which a Proof of Claim has been timely filed and either:

a. no objection thereto has been timely filed (as determined by applicable deadlines contained in this Plan, including the Claims Objection Deadline); or

b. such Claim has been allowed (but only to the extent allowed) by a Final Order of the Bankruptcy Court;

(iii) (iii) which has been expressly allowed under the provisions of this Plan; or

(iv) (iv) which has been expressly allowed by Final Order of the Bankruptcy Court.

**C.** "Bar Date" means the final date for the filing of Proofs of Claims set by the Bankruptcy Court or such other date as may apply to a particular Claim pursuant to a duly entered order of the Bankruptcy Court, which may be the Confirmation Order.

**D.** "Claim" shall have the meaning set out in § 101 of the Bankruptcy Code.

**E.** "Claimant" or "Creditor" means the Holder of a Claim.

**F.** "Class" means a group of Claims or Equity Interests classified by the Plan pursuant to section 1122(a)(1) of the Bankruptcy Code.

**G.** "Confirmation Date" means the date on which the Clerk of the Bankruptcy Court enters the Confirmation Order.

**H.** "Confirmation Order" means the order of the Bankruptcy Court confirming the Plan pursuant to § 1129 of the Bankruptcy Code.

**I.** "Debtor" means Patrick D. Horace, Sr. d/b/a Patrick's Delivery Service.

**J.** "Disallowed" means, with reference to a Claim or Interest, any Claim or Interest, or any portion thereof, that (i) has been Disallowed by a Final Order; (ii) is (x) not Scheduled or is Scheduled as zero or as contingent, disputed or unliquidated, and (y) as to which no Proof of Claim or Proof of Interest has been timely filed or deemed timely filed by the Bankruptcy Court; (iii) has been withdrawn by agreement of the Debtor and the Holder thereof; of (iv) has been withdrawn by the Holder thereof.

**K.** "Disbursing Agent" means, Patrick D. Horace, Sr. d/b/a Patrick's Delivery

Service or the Reorganized Debtor.

**L.** "Disputed" when used with respect to a Claim, means a Claim against the Debtor (i) that is listed in the Debtor Schedules as disputed, contingent or unliquidated regardless of whether a Proof of Claim has been filed or not; (ii) that is listed in the Debtor Schedules as undisputed, liquidated and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is not listed in the Debtor Schedules, but as to which a Proof of Claim has been filed with the Bankruptcy Court; or (iv) as to which an objection has been or may be filed. Notwithstanding the foregoing, only Claims to which an Objection has been filed shall be deemed Disputed Claims with respect to Claims for which a Proof of Claim has been filed.

**M.** "Effective Date" means a business day as soon as practicable after the Confirmation Date, as specified by the Debtor.

**N.** "Estate" means the Debtor's estate created pursuant to section 541 of the Bankruptcy Code upon the commencement of the Bankruptcy Cases.

**O.** "Final Order" means an order or judgment by the Bankruptcy Court which has not been reversed, vacated or stayed and as to which (a) the time to appeal, petition for certiorari or move for new trial, reargument or rehearing has expired and to which no appeal, petition for certiorari or other proceedings for a new trial, re-argument or rehearing shall then be pending, or (b) if an appeal, writ of certiorari, new trial, re-argument or rehearing thereof has been sought, such order or judgment of the Bankruptcy Court shall have been affirmed by the highest court to which such order was appealed, or certiorari shall have been denied or a new trial, re-argument or rehearing shall have been denied or resulted in no modification of such order, and the time to take any further appeal, petition for certiorari or move for a new trial, re-argument or rehearing shall have expired.

**P.** "General Unsecured Claim" means any Claim against the Debtor that is not a Priority Tax Claim, Priority Non-Tax Claim, Secured Claim or Administrative Claim.

**Q.** "Governmental Unit Bar Date" means July 31, 2025, which is the Bar Date established by which governmental units were required to file Proofs of Claim.

**R.** "Holder" means the beneficial owner of any Claim, Administrative Expense, Equity Interest or other interest or right to receive Distributions from the Liquidating Trust.

**S.** "Impaired" has the meaning ascribed to such term in section 1124 of the Bankruptcy Code.

**T.** "Insider" means an insider as defined in section 101(31) of the Bankruptcy Code.

**U.** “Petition Date” means February 1, 2025

**V.** “Plan” means this Subchapter V Plan, either in its present form or as it may hereafter be altered, amended or modified from time to time

**W.** “Priority Tax Claim” means any Claim of a governmental unit of the kind specified in §§ 502(i) or 507(a)(8) of the Bankruptcy Code.

**X.** “Proof of Claim” means a Proof of Claim or filed in the Bankruptcy Cases pursuant to section 501 of the Bankruptcy Code and/or any order of the Bankruptcy Court, together with supporting documents

**Y.** “Scheduled,” with respect to any Claim, means listed on the Schedules.

**Z.** “Schedules” means the Schedules of Assets and Liabilities and the Statements of Financial Affairs filed by the Debtor as required by § 521 of the Bankruptcy Code and Bankruptcy Rule 1007, as such Schedules and Statements have been or may be supplemented or amended.

**AA.** “Secured Claim” means a Claim secured by a lien or right of setoff allowable under 11 U.S.C. § 553 on property of a Debtor, which Lien is valid, perfected and enforceable under applicable law, is not subject to avoidance under the Bankruptcy Code or other applicable non-bankruptcy law and which is duly established in the Chapter 11 cases, but only to the extent of the value of the collateral that secures payment of such Claim.

**BB.** “U.S. Trustee” means the Office of the United States Trustee for the Western District of Texas.

## ARTICLE 6

## NONSTANDARD PROVISIONS

**6.1** The following nonstandard provisions shall be applicable to the Plan:

**A.** Payments by Disbursing Agent:

Debtor may, in its own business judgment, make advance payments on Allowed Claims and must stay current on payments to all creditors under the plan.

The Debtor, will have sole discretion in making monthly payments to the General Unsecured Creditors and shall not make a distribution to any creditor under $200, unless that distribution results in the final payment to that creditor.

**B. <u>Default</u>.**

In addition to any rights specifically provided to a claimant treated pursuant to this Plan, a failure by the Disbursing Agent to make a payment to a creditor pursuant to the terms of this Plan shall be an event of default as to such payments, if the payment not cured within thirty (30) days after mailing written notice of default from such creditor to the Reorganized Debtor.

With respect to Classes of Secured Claims, the following additional terms of default shall apply: Should the Debtor fail to make any payments as required in this Plan, the Secured Creditor shall provide notice of that default by sending written notice by certified mail to the Debtor and by email to Debtor's attorney(s), advising of that default, and providing the Debtor with a period of twenty-one (21) days to cure the default. In the event the default is not cured within twenty-one (21) days, the automatic stay will lift as to the Secured Creditor(s)' collateral, and the Secured Creditor may, without further Court order or notice to the Debtor, pursue all of its available rights and remedies, including, but not limited to, taking possession of the Secured Creditor(s)' collateral and foreclosing on its lien without further notice or hearing before the Bankruptcy Court.

An act or omission by any creditor in contravention of a provision within this Plan shall be deemed an event of default under this Plan. Upon an event of default, the Reorganized may seek to hold the defaulting party in contempt of the Confirmation Order. If such creditor is found to be in default under the Plan, such party shall pay the reasonable attorneys' fees and costs of the Debtor or Reorganized Debtor in pursuing such matter. Furthermore, upon the finding of such a default by a creditor, the Bankruptcy Court may (a) designate a party to appear, sign and/or accept the documents required under the Plan on behalf of the defaulting party, in accordance with Rule 70 of the Federal Rules of Civil Procedure, (b) may enforce the Plan by order of specific performance, (c) may award judgment against such defaulting creditor in favor of the Reorganized Debtor in an amount, including interest, to compensate the Reorganized Debtor for the damages caused by such default; and (d) make such other order as may be equitable that does not materially alter the terms of the Plan as confirmed.

Any default notice, inquiry, or other formal communication pursuant to the Plan shall be mailed by certified mail, return receipt requested to the following:
Patrick D. Horace Sr., Debtor
10019 FM 439
Belton, TX 76513

and

HAYWARD PLLC
Attn: Bach W. Norwood
7600 Burnet Road, Suite 530
Austin, TX 78757
bnorwood@haywardfirm.com

Respectfully submitted,

By: */s/ Patrick Horace*

[DEBTOR]

By: */s/ Bach W. Norwood*

[COUNSEL FOR DEBTOR]

**HAYWARD PLLC**
*/s/ Bach W. Norwood*
Bach W. Norwood
TX State Bar No. 24134529
Todd Headden
TX State Bar No. 24096285
7600 Burnet Road
Suite 530
Austin, TX 78757
Tel./Fax: (737) 881-3336
E-mail: bnorwood@haywardfirm.com

# EXHIBIT A

LIQUIDATION ANALYSIS

| Non-Exempt Asset | Value |
|---|---|
| Trinity County Property | $ 15,000.00 |
| Horse Trailer | $ 1,500.00 |
| Horses | $ 2,500.00 |
| Tractor | $ 4,000.00 |
| Side by Side | $ 4,000.00 |
| Lawnmower | $ 750.00 |
| Cash | $ 50,000.00 |
| Fleet Vehicles | $1,130,477.54 |
| **TOTAL ASSET LIQUIDATION VALUE** | $ 1,208,227.54 |
| | |
| **Less:** | |
| Secured Creditors' Recoveries | $ 1,555,981.10 |
| **Less:** | |
| Chapter 7 Trustee Fees and Expenses | 59,496.83 |
| **Less:** | |
| Administrative Expenses | $ 10,000.00 |
| **Less:** | |
| Priority Claims | $ - |
| **BALANCE AVAILABLE FOR UNSECURED CLAIMS:** | $ (417,250.39) |
| | |
| **TOTAL UNSECURED CLAIMS** | $ 1,329,768.71 |
| | |
| **Percentage of claims unsecured creditors would receive or retain in a chapter 7 liquidation:** | 0% |
| | |
| **Percentage of claims unsecured creditors would receive or retain under the Plan:** | 31% |

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2025 | October | November | December | Total |
|---|---|---|---|---|
| **Opening Cash Balance** | $25,000.00 | $38,435.74 | $43,321.47 | |
| | | | | |
| **Gross Receipts** | $ 240,000.00 | $ 230,000.00 | $ 200,000.00 | $ 670,000.00 |
| | | | | |
| **Gross Operating Expenses** | | | | |
| Tolls | $ 3,600.00 | $ 3,600.00 | $ 3,300.00 | $ 10,500.00 |
| Insurance (CGL & Auto) | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 120,000.00 |
| Phone - GPS Tracking | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 7,317.93 |
| Fuel | $ 37,000.00 | $ 37,000.00 | $ 35,000.00 | $ 109,000.00 |
| Repairs | $ 13,000.00 | $ 11,000.00 | $ 10,000.00 | $ 34,000.00 |
| Vehicle Registrations | $ 1,350.00 | $ 900.00 | $ 900.00 | $ 3,150.00 |
| DOT Compliance Group Payments | $ 800.00 | $ 800.00 | $ 800.00 | $ 2,400.00 |
| Employee related expenses (Hotels, Uber fare, etc.) | $ 300.00 | $ 300.00 | $ 300.00 | $ 900.00 |
| Payroll (1099 Contractors) | $ 90,000.00 | $ 86,000.00 | $ 84,000.00 | $ 260,000.00 |
| Insider Payroll | $ 16,000.00 | $ 16,000.00 | $ 16,000.00 | $ 48,000.00 |
| Office supplies | $ 100.00 | $ 100.00 | $ 100.00 | $ 300.00 |
| Bank Fees | $ 150.00 | $ 150.00 | $ 150.00 | $ 450.00 |
| Personal Property Taxes | $ - | $ - | $ - | $ - |
| Professional/Bookkeeping | $ 500.00 | $ 500.00 | $ 500.00 | $ 1,500.00 |
| Miscellaneous | $ - | $ 5,000.00 | $ 5,000.00 | $ 10,000.00 |
| **SUBTOTAL** | **$ 205,239.31** | **$ 203,789.31** | **$ 198,489.31** | **$ 607,517.93** |
| | | | | |
| **Chapter 11 Plan Expenses** | | | | |
| SubV Trustee | $ 1,500.00 | $ 1,500.00 | - | $ 3,000.00 |
| Debtor's Counsel | - | - | - | $ - |
| Class 1a- Financial Pacific Leasing | $ 256.38 | $ 256.38 | $ 256.38 | $ 769.13 |
| Class 1b- TD Bank, N.A. | $ 770.85 | $ 770.85 | $ 770.85 | $ 2,312.54 |
| Class 2a- Ameris Bank | $ 551.32 | $ 551.32 | $ 551.32 | $ 1,653.96 |
| Class 2b- Amur Financial | $ 408.51 | $ 408.51 | $ 408.51 | $ 1,225.54 |
| Class 2c- Auxilior Capital Partners | $ 335.81 | $ 335.81 | $ 335.81 | $ 1,007.42 |
| Class 2d- Blue Bridge Financial | $ 544.57 | $ 544.57 | $ 544.57 | $ 1,633.72 |
| Class 2e- BMO Harris Bank | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 21,810.51 |
| Class 2f- Ford Motor Credit | $ 693.05 | $ 693.05 | $ 693.05 | $ 2,079.14 |
| Class 2g- JB&B Capital | $ 569.65 | $ 569.65 | $ 569.65 | $ 1,708.95 |
| Class 2h- Midland States Bank | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 10,268.55 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 5,382.50 |
| Class 2j- Tandem Finance, Inc. | $ 504.01 | $ 504.01 | $ 504.01 | $ 1,512.03 |
| Class 2k- Tycoon Capital Group | $ 820.66 | $ 820.66 | $ 820.66 | $ 2,461.98 |
| Class 3- Bell County Tax Appraisal District | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 3,336.67 |
| Texas Workforce Commission (Priority) | $ 770.75 | $ 770.75 | $ 770.75 | $ 2,312.25 |
| Class 5- General Unsecured Creditors | $ - | $ - | $ - | $ - |
| **SUBTOTAL** | **$ 21,324.95** | **$ 21,324.95** | **$ 19,824.95** | **$ 62,474.86** |
| | | | | |
| **TOTAL EXPENSES** | **$ 226,564.26** | **$ 225,114.26** | **$ 218,314.26** | **$ 669,992.79** |
| | | | | |
| **NET INCOME** | **$ 13,435.74** | **$ 4,885.74** | **$ (18,314.26)** | |
| | | | | |
| **Ending Cash Balance** | **$38,435.74** | **$43,321.47** | **$25,007.21** | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2026 | Jan. | Feb. | March | April | May | June | July |
|---|---|---|---|---|---|---|---|
| **Opening Cash Balance** | $25,007.21 | $10,712.94 | $10,468.68 | $9,724.41 | $14,880.15 | $27,935.89 | $47,991.62 |
| | | | | | | | |
| **Gross Receipts** | $ 205,000.00 | $ 220,000.00 | $ 240,000.00 | $ 250,000.00 | $ 260,000.00 | $ 270,000.00 | $ 280,000.00 |
| | | | | | | | |
| **Gross Operating Expenses** | | | | | | | |
| Tolls | $ 3,100.00 | $ 3,500.00 | $ 3,500.00 | $ 3,500.00 | $ 3,600.00 | $ 3,600.00 | $ 3,800.00 |
| Insurance (CGL & Auto) | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 |
| Phone - GPS Tracking | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 |
| Fuel | $ 35,000.00 | $ 35,000.00 | $ 36,000.00 | $ 37,000.00 | $ 37,000.00 | $ 38,000.00 | $ 40,000.00 |
| Repairs | $ 10,000.00 | $ 10,000.00 | $ 11,000.00 | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 13,000.00 |
| Vehicle Registrations | $ 1,350.00 | $ 900.00 | $ 900.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 |
| DOT Compliance Group Payments | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 |
| oyee related expenses (Hotels, Uber fare, etc.) | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Payroll (1099 Contractors) | $ 84,000.00 | $ 85,000.00 | $ 86,000.00 | $ 88,000.00 | $ 90,000.00 | $ 92,000.00 | $ 94,000.00 |
| Insider Payroll | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 |
| Office supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Bank Fees | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 |
| Personal Property Taxes | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Professional/Bookkeeping | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 |
| Replacement Vehicles ($100,000/year) | $ - | $ - | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 |
| Miscellaneous | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 |
| **SUBTOTAL** | **$ 197,469.31** | **$ 198,419.31** | **$ 211,419.31** | **$ 215,519.31** | **$ 217,619.31** | **$ 220,619.31** | **$ 225,819.31** |
| | | | | | | | |
| **Chapter 11 Plan Expenses** | | | | | | | |
| SubV Trustee | | | | | | | |
| Debtor's Counsel | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 4,000.00 |
| Class 1a- Financial Pacific Leasing | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 |
| Class 1b- TD Bank, N.A. | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 |
| Class 2a- Ameris Bank | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 |
| Class 2b- Amur Financial | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 |
| Class 2c- Auxilior Capital Partners | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 |
| Class 2d- Blue Bridge Financial | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 |
| Class 2e- BMO Harris Bank | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 |
| Class 2f- Ford Motor Credit | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 |
| Class 2g- JB&B Capital | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 |
| Class 2h- Midland States Bank | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 |
| Class 2j- Tandem Finance, Inc. | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 |
| Class 2k- Tycoon Capital Group | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 |
| Class 3- Bell County Tax Appraisal District | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 |
| Texas Workforce Commission (Priority) | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 |
| Class 4- General Unsecured Creditors | | | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 |
| **SUBTOTAL** | **$ 21,824.95** | **$ 21,824.95** | **$ 29,324.95** | **$ 29,324.95** | **$ 29,324.95** | **$ 29,324.95** | **$ 31,324.95** |
| | | | | | | | |
| **TOTAL EXPENSES** | **$ 219,294.26** | **$ 220,244.26** | **$ 240,744.26** | **$ 244,844.26** | **$ 246,944.26** | **$ 249,944.26** | **$ 257,144.26** |
| | | | | | | | |
| **NET INCOME** | **$ (14,294.26)** | **$ (244.26)** | **$ (744.26)** | **$ 5,155.74** | **$ 13,055.74** | **$ 20,055.74** | **$ 22,855.74** |
| | | | | | | | |
| **Ending Cash Balance** | $10,712.94 | $10,468.68 | $9,724.41 | $14,880.15 | $27,935.89 | $47,991.62 | $70,847.36 |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2026 | July | August | Sept. | Oct. | Nov. | Dec. | Totals |
|---|---|---|---|---|---|---|---|
| **Opening Cash Balance** | $47,991.62 | $70,847.36 | $149,503.09 | $126,358.83 | $150,414.56 | $147,570.30 | |
| | | | | | | | |
| **Gross Receipts** | $ 280,000.00 | $ 300,000.00 | $ 280,000.00 | $ 280,000.00 | $ 240,000.00 | $ 220,000.00 | **$ 3,045,000.00** |
| | | | | | | | |
| **Gross Operating Expenses** | | | | | | | |
| Tolls | $ 3,800.00 | $ 4,000.00 | $ 3,800.00 | $ 3,600.00 | $ 3,500.00 | $ 3,400.00 | $ 42,900.00 |
| Insurance (CGL & Auto) | $ 38,000.00 | | $ 85,000.00 | $ 38,000.00 | $ 38,000.00 | $ 38,000.00 | $ 465,000.00 |
| Phone - GPS Tracking | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 2,439.31 | $ 29,271.72 |
| Fuel | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 40,000.00 | $ 36,000.00 | $ 31,000.00 | $ 445,000.00 |
| Repairs | $ 13,000.00 | $ 13,000.00 | $ 12,000.00 | $ 12,000.00 | $ 11,000.00 | $ 10,000.00 | $ 138,000.00 |
| Vehicle Registrations | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 1,000.00 | $ 12,150.00 |
| DOT Compliance Group Payments | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 800.00 | $ 9,600.00 |
| oyee related expenses (Hotels, Uber fare, etc.) | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 6,000.00 |
| Payroll (1099 Contractors) | $ 94,000.00 | $ 96,000.00 | $ 94,000.00 | $ 94,000.00 | $ 86,000.00 | $ 85,000.00 | $ 1,074,000.00 |
| Insider Payroll | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 16,480.00 | $ 197,760.00 |
| Office supplies | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 1,800.00 |
| Bank Fees | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 150.00 | $ 1,800.00 |
| Personal Property Taxes | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Professional/Bookkeeping | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 500.00 | $ 6,000.00 |
| Replacement Vehicles ($100,000/year) | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 10,000.00 | $ 100,000.00 |
| Miscellaneous | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 5,000.00 | $ 60,000.00 |
| **SUBTOTAL** | **$ 225,819.31** | **$ 190,019.31** | **$ 271,819.31** | **$ 224,619.31** | **$ 211,519.31** | **$ 204,419.31** | **$ 2,589,281.72** |
| | | | | | | | |
| **Chapter 11 Plan Expenses** | | | | | | | |
| SubV Trustee | | | | | | | |
| Debtor's Counsel | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 4,000.00 | $ 36,000.00 |
| Class 1a- Financial Pacific Leasing | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 256.38 | $ 3,076.52 |
| Class 1b- TD Bank, N.A. | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 770.85 | $ 9,250.14 |
| Class 2a- Ameris Bank | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 551.32 | $ 6,615.84 |
| Class 2b- Amur Financial | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 408.51 | $ 4,902.15 |
| Class 2c- Auxilior Capital Partners | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 335.81 | $ 4,029.66 |
| Class 2d- Blue Bridge Financial | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 544.57 | $ 6,534.86 |
| Class 2e- BMO Harris Bank | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 7,270.17 | $ 87,242.02 |
| Class 2f- Ford Motor Credit | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 693.05 | $ 8,316.56 |
| Class 2g- JB&B Capital | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 569.65 | $ 6,835.79 |
| Class 2h- Midland States Bank | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 3,422.85 | $ 41,074.19 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 1,794.17 | $ 21,529.99 |
| Class 2j- Tandem Finance, Inc. | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 504.01 | $ 6,048.11 |
| Class 2k- Tycoon Capital Group | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 820.66 | $ 9,847.94 |
| Class 3- Bell County Tax Appraisal District | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 1,112.22 | $ 13,346.67 |
| Texas Workforce Commission (Priority) | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 770.75 | $ 9,249.00 |
| Class 4- General Unsecured Creditors | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 7,500.00 | $ 75,000.00 |
| **SUBTOTAL** | **$ 31,324.95** | **$ 31,324.95** | **$ 31,324.95** | **$ 31,324.95** | **$ 31,324.95** | **$ 31,324.95** | **$ 348,899.45** |
| | | | | | | | |
| **TOTAL EXPENSES** | **$ 257,144.26** | **$ 221,344.26** | **$ 303,144.26** | **$ 255,944.26** | **$ 242,844.26** | **$ 235,744.26** | **$ 2,938,181.17** |
| | | | | | | | |
| **NET INCOME** | **$ 22,855.74** | **$ 78,655.74** | **$ (23,144.26)** | **$ 24,055.74** | **$ (2,844.26)** | **$ (15,744.26)** | **$ 106,818.83** |
| | | | | | | | |
| **Ending Cash Balance** | $70,847.36 | $149,503.09 | $126,358.83 | $150,414.56 | $147,570.30 | $131,826.04 | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2027 | Q1 | Q2 | Q3 | Q4 | Totals |
|---|---|---|---|---|---|
| **Opening Cash Balance** | $131,826.04 | $30,543.24 | $65,122.70 | $145,802.16 | |
| | | | | | |
| **Gross Receipts** | $ 665,000.00 | $ 780,000.00 | $ 860,000.00 | $ 740,000.00 | **$ 3,045,000.00** |
| | $ - | | | | |
| **Gross Operating Expenses** | $ - | | | | |
| Tolls | $ 10,100.00 | $ 10,700.00 | $ 11,600.00 | $ 10,500.00 | $ 42,900.00 |
| Insurance (CGL & Auto) | $ 114,000.00 | $ 114,000.00 | $ 123,000.00 | $ 114,000.00 | $ 465,000.00 |
| Phone - GPS Tracking | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 29,271.72 |
| Fuel | $ 106,000.00 | $ 112,000.00 | $ 120,000.00 | $ 107,000.00 | $ 445,000.00 |
| Repairs | $ 31,000.00 | $ 36,000.00 | $ 38,000.00 | $ 33,000.00 | $ 138,000.00 |
| Vehicle Registrations | $ 3,150.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 12,150.00 |
| DOT Compliance Group Payments | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 9,600.00 |
| oyee related expenses (Hotels, Uber fare, etc.) | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Payroll (1099 Contractors) | $ 255,000.00 | $ 270,000.00 | $ 284,000.00 | $ 265,000.00 | $ 1,074,000.00 |
| Insider Payroll | $ 49,440.00 | $ 49,440.00 | $ 49,440.00 | $ 49,440.00 | $ 197,760.00 |
| Office supplies | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Bank Fees | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Personal Property Taxes | $ 45,000.00 | $ - | $ - | $ - | $ 45,000.00 |
| Professional/Bookkeeping | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Replacement Vehicles ($120,000/year) | $30,000 | $30,000 | $30,000 | $30,000 | $ 120,000.00 |
| Miscellaneous | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 60,000.00 |
| **SUBTOTAL** | **$ 672,307.93** | **$ 653,757.93** | **$ 687,657.93** | **$ 640,557.93** | **$ 2,654,281.72** |
| | | | | | |
| **Chapter 11 Plan Expenses** | | | | | |
| SubV Trustee | | | | | |
| Debtor's Counsel | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 12,000.00 | $ 48,000.00 |
| Class 1a- Financial Pacific Leasing | $ 769.13 | $ 769.13 | $ 769.13 | $ 769.13 | $ 3,076.52 |
| Class 1b- TD Bank, N.A. | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 9,250.14 |
| Class 2a- Ameris Bank | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 6,615.84 |
| Class 2b- Amur Financial | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 4,902.15 |
| Class 2c- Auxilior Capital Partners | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 4,029.66 |
| Class 2d- Blue Bridge Financial | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 6,534.86 |
| Class 2e- BMO Harris Bank | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 87,242.02 |
| Class 2f- Ford Motor Credit | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 8,316.56 |
| Class 2g- JB&B Capital | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 6,835.79 |
| Class 2h- Midland States Bank | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 41,074.19 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 21,529.99 |
| Class 2j- Tandem Finance, Inc. | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 6,048.11 |
| Class 2k- Tycoon Capital Group | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 9,847.94 |
| Class 3- Bell County Tax Appraisal District | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 13,346.67 |
| Texas Workforce Commission (Priority) | $ 2,312.25 | $ - | $ - | $ - | $ 2,312.25 |
| Class 4- General Unsecured Creditors | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 90,000.00 |
| **SUBTOTAL** | $ 93,974.86 | $ 91,662.61 | $ 91,662.61 | $ 91,662.61 | $ 368,962.70 |
| | | | | | |
| **TOTAL EXPENSES** | **$ 766,282.79** | **$ 745,420.54** | **$ 779,320.54** | **$ 732,220.54** | **$ 3,023,244.42** |
| | | | | | |
| **NET INCOME** | **$ (101,282.79)** | **$ 34,579.46** | **$ 80,679.46** | **$ 7,779.46** | **$ 21,755.58** |
| | | | | | |
| **Ending Cash Balance** | $30,543.24 | $65,122.70 | $145,802.16 | $153,581.61 | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2028 | Q1 | Q2 | Q3 | Q4 | Totals |
|---|---|---|---|---|---|
| **Opening Cash Balance** | $153,581.61 | $40,627.87 | $66,224.13 | $149,920.39 | |
| | | | | | |
| **Gross Receipts** | $ 665,000.00 | $ 780,000.00 | $ 860,000.00 | $ 740,000.00 | **$ 3,045,000.00** |
| | $ - | | | | |
| **Gross Operating Expenses** | $ - | | | | |
| Tolls | $ 10,100.00 | $ 10,700.00 | $ 11,600.00 | $ 10,500.00 | $ 42,900.00 |
| Insurance (CGL & Auto) | $ 114,000.00 | $ 114,000.00 | $ 123,000.00 | $ 114,000.00 | $ 465,000.00 |
| Phone - GPS Tracking | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 29,271.72 |
| Fuel | $ 106,000.00 | $ 112,000.00 | $ 120,000.00 | $ 107,000.00 | $ 445,000.00 |
| Repairs | $ 31,000.00 | $ 36,000.00 | $ 38,000.00 | $ 33,000.00 | $ 138,000.00 |
| Vehicle Registrations | $ 3,150.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 12,150.00 |
| DOT Compliance Group Payments | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 9,600.00 |
| Employee related expenses (Hotels, Uber fare, etc.) | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Payroll (1099 Contractors) | $ 255,000.00 | $ 270,000.00 | $ 284,000.00 | $ 265,000.00 | $ 1,074,000.00 |
| Insider Payroll | $ 50,923.20 | $ 50,923.20 | $ 50,923.20 | $ 50,923.20 | $ 203,692.80 |
| Office supplies | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Bank Fees | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Personal Property Taxes | $ 50,000.00 | $ - | $ - | $ - | $ 50,000.00 |
| Professional/Bookkeeping | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Replacement Vehicles ($150,000/year) | $ 37,500.00 | $ 37,500.00 | $ 37,500.00 | $ 37,500.00 | $ 150,000.00 |
| Miscellaneous | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 60,000.00 |
| **SUBTOTAL** | **$ 686,291.13** | **$ 662,741.13** | **$ 696,641.13** | **$ 649,541.13** | **$ 2,695,214.52** |
| | | | | | |
| **Chapter 11 Plan Expenses** | | | | | |
| SubV Trustee | | | | | |
| Debtor's Counsel | $ 12,000.00 | $ 12,000.00 | $ - | $ - | $ 24,000.00 |
| Class 1a- Financial Pacific Leasing | $ 769.13 | $ 769.13 | $ 769.13 | $ 769.13 | $ 3,076.52 |
| Class 1b- TD Bank, N.A. | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 9,250.14 |
| Class 2a- Ameris Bank | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 6,615.84 |
| Class 2b- Amur Financial | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 4,902.15 |
| Class 2c- Auxilior Capital Partners | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 4,029.66 |
| Class 2d- Blue Bridge Financial | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 6,534.86 |
| Class 2e- BMO Harris Bank | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 87,242.02 |
| Class 2f- Ford Motor Credit | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 8,316.56 |
| Class 2g- JB&B Capital | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 6,835.79 |
| Class 2h- Midland States Bank | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 41,074.19 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 21,529.99 |
| Class 2j- Tandem Finance, Inc. | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 6,048.11 |
| Class 2k- Tycoon Capital Group | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 9,847.94 |
| Class 3- Bell County Tax Appraisal District | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 13,346.67 |
| Texas Workforce Commission (Priority) | $ - | $ - | $ - | $ - | $ - |
| Class 4- General Unsecured Creditors | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 90,000.00 |
| **SUBTOTAL** | **$ 91,662.61** | **$ 91,662.61** | **$ 79,662.61** | **$ 79,662.61** | **$ 342,650.45** |
| | | | | | |
| **TOTAL EXPENSES** | **$ 777,953.74** | **$ 754,403.74** | **$ 776,303.74** | **$ 729,203.74** | **$ 3,037,864.97** |
| | | | | | |
| **NET INCOME** | **$ (112,953.74)** | **$ 25,596.26** | **$ 83,696.26** | **$ 10,796.26** | **$ 7,135.03** |
| | | | | | |
| **Ending Cash Balance** | $40,627.87 | $66,224.13 | $149,920.39 | $160,716.64 | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**
*In re Horace, Patrick D. Sr.* (25-60062)
**Income and Expenses (Cash Basis)**

| 2029 | Q1 | Q2 | Q3 | Q4 | Totals |
|---|---|---|---|---|---|
| **Opening Cash Balance** | $160,716.64 | $57,262.90 | $94,859.16 | $178,555.42 | |
| | | | | | |
| **Gross Receipts** | $ 665,000.00 | $ 780,000.00 | $ 860,000.00 | $ 740,000.00 | **$ 3,045,000.00** |
| | $ - | | | | |
| **Gross Operating Expenses** | $ - | | | | |
| Tolls | $ 10,100.00 | $ 10,700.00 | $ 11,600.00 | $ 10,500.00 | $ 42,900.00 |
| Insurance (CGL & Auto) | $ 114,000.00 | $ 114,000.00 | $ 123,000.00 | $ 114,000.00 | $ 465,000.00 |
| Phone - GPS Tracking | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 29,271.72 |
| Fuel | $ 106,000.00 | $ 112,000.00 | $ 120,000.00 | $ 107,000.00 | $ 445,000.00 |
| Repairs | $ 31,000.00 | $ 36,000.00 | $ 38,000.00 | $ 33,000.00 | $ 138,000.00 |
| Vehicle Registrations | $ 3,150.00 | $ 3,000.00 | $ 3,000.00 | $ 3,000.00 | $ 12,150.00 |
| DOT Compliance Group Payments | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 9,600.00 |
| :mployee related expenses (Hotels, Uber fare, etc.) | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Payroll (1099 Contractors) | $ 255,000.00 | $ 270,000.00 | $ 284,000.00 | $ 265,000.00 | $ 1,074,000.00 |
| Insider Payroll | $ 50,923.20 | $ 50,923.20 | $ 50,923.20 | $ 50,923.20 | $ 203,692.80 |
| Office supplies | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Bank Fees | $ 450.00 | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,800.00 |
| Personal Property Taxes | $ 52,500.00 | $ - | $ - | $ - | $ 52,500.00 |
| Professional/Bookkeeping | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 6,000.00 |
| Replacement Vehicles ($150,000/year) | $ 37,500.00 | $ 37,500.00 | $ 37,500.00 | $ 37,500.00 | $ 150,000.00 |
| Miscellaneous | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 60,000.00 |
| **SUBTOTAL** | **$ 688,791.13** | **$ 662,741.13** | **$ 696,641.13** | **$ 649,541.13** | **$ 2,697,714.52** |
| | | | | | |
| **Chapter 11 Plan Expenses** | | | | | |
| SubV Trustee | | | | | |
| Debtor's Counsel | $ - | $ - | $ - | $ - | $ - |
| Class 1a- Financial Pacific Leasing | $ 769.13 | $ 769.13 | $ 769.13 | $ 769.13 | $ 3,076.52 |
| Class 1b- TD Bank, N.A. | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 9,250.14 |
| Class 2a- Ameris Bank | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 6,615.84 |
| Class 2b- Amur Financial | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 4,902.15 |
| Class 2c- Auxilior Capital Partners | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 4,029.66 |
| Class 2d- Blue Bridge Financial | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 6,534.86 |
| Class 2e- BMO Harris Bank | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 87,242.02 |
| Class 2f- Ford Motor Credit | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 8,316.56 |
| Class 2g- JB&B Capital | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 6,835.79 |
| Class 2h- Midland States Bank | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 41,074.19 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 21,529.99 |
| Class 2j- Tandem Finance, Inc. | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 6,048.11 |
| Class 2k- Tycoon Capital Group | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 9,847.94 |
| Class 3- Bell County Tax Appraisal District | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 13,346.67 |
| Texas Workforce Commission (Priority) | | | | | |
| Class 4- General Unsecured Creditors | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 90,000.00 |
| **SUBTOTAL** | **$ 79,662.61** | **$ 79,662.61** | **$ 79,662.61** | **$ 79,662.61** | **$ 318,650.45** |
| | | | | | |
| **TOTAL EXPENSES** | **$ 768,453.74** | **$ 742,403.74** | **$ 776,303.74** | **$ 729,203.74** | **$ 3,016,364.97** |
| | | | | | |
| **NET INCOME** | **$ (103,453.74)** | **$ 37,596.26** | **$ 83,696.26** | **$ 10,796.26** | **$ 28,635.03** |
| | | | | | |
| **Ending Cash Balance** | $57,262.90 | $94,859.16 | $178,555.42 | $189,351.67 | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

**Exhibit "B" Financial Projections (Business)**

*In re Horace, Patrick D. Sr.* (25-60062)

**Income and Expenses (Cash Basis)**

| 2030 | Q1 | Q2 | Q3 | Annual Totals | Cumulative Totals |
|---|---|---|---|---|---|
| **Opening Cash Balance** | $189,351.67 | $83,397.93 | $120,994.19 | | |
| | | | | | |
| **Gross Receipts** | $ 665,000.00 | $ 780,000.00 | $ 860,000.00 | **$ 2,305,000.00** | $ 15,155,000.00 |
| | $ - | | | | |
| **Gross Operating Expenses** | $ - | | | | |
| Tolls | $ 10,100.00 | $ 10,700.00 | $ 11,600.00 | $ 32,400.00 | $ 214,500.00 |
| Insurance (CGL & Auto) | $ 114,000.00 | $ 114,000.00 | $ 123,000.00 | $ 351,000.00 | $ 2,331,000.00 |
| Phone - GPS Tracking | $ 7,317.93 | $ 7,317.93 | $ 7,317.93 | $ 21,953.79 | $ 146,358.60 |
| Fuel | $ 106,000.00 | $ 112,000.00 | $ 120,000.00 | $ 338,000.00 | $ 2,227,000.00 |
| Repairs | $ 31,000.00 | $ 36,000.00 | $ 38,000.00 | $ 105,000.00 | $ 691,000.00 |
| Vehicle Registrations | $ 3,150.00 | $ 3,000.00 | $ 3,000.00 | $ 9,150.00 | $ 60,900.00 |
| DOT Compliance Group Payments | $ 2,400.00 | $ 2,400.00 | $ 2,400.00 | $ 7,200.00 | $ 48,000.00 |
| Employee related expenses (Hotels, Uber fare, etc.) | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 4,500.00 | $ 29,400.00 |
| Payroll (1099 Contractors) | $ 255,000.00 | $ 270,000.00 | $ 284,000.00 | $ 809,000.00 | $ 5,365,000.00 |
| Insider Payroll | $ 50,923.20 | $ 50,923.20 | $ 50,923.20 | $ 152,769.60 | $ 1,003,675.20 |
| Office supplies | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,350.00 | $ 8,850.00 |
| Bank Fees | $ 450.00 | $ 450.00 | $ 450.00 | $ 1,350.00 | $ 9,000.00 |
| Personal Property Taxes | $ 55,000.00 | $ - | $ - | $ 55,000.00 | $ 202,500.00 |
| Professional/Bookkeeping | $ 1,500.00 | $ 1,500.00 | $ 1,500.00 | $ 4,500.00 | $ 30,000.00 |
| Replacement Vehicles ($150,000/year) | $ 37,500.00 | $ 37,500.00 | $ 37,500.00 | $ 112,500.00 | $ 642,500.00 |
| Miscellaneous | $ 15,000.00 | $ 15,000.00 | $ 15,000.00 | $ 45,000.00 | $ 892,517.93 |
| **SUBTOTAL** | **$ 691,291.13** | **$ 662,741.13** | **$ 696,641.13** | **$ 2,050,673.39** | **$ 12,687,165.87** |
| | | | | | |
| **Chapter 11 Plan Expenses** | | | | | |
| SubV Trustee | | | | | $ 3,000.00 |
| Debtor's Counsel | $ - | $ - | $ - | $ - | $ 108,000.00 |
| Class 1a- Financial Pacific Leasing | $ 769.13 | $ 769.13 | $ 769.13 | $ 2,307.39 | $ 15,382.59 |
| Class 1b- TD Bank, N.A. | $ 2,312.54 | $ 2,312.54 | $ 2,312.54 | $ 6,937.61 | $ 46,250.72 |
| Class 2a- Ameris Bank | $ 1,653.96 | $ 1,653.96 | $ 1,653.96 | $ 4,961.88 | $ 33,079.21 |
| Class 2b- Amur Financial | $ 1,225.54 | $ 1,225.54 | $ 1,225.54 | $ 3,676.62 | $ 24,510.77 |
| Class 2c- Auxilior Capital Partners | $ 1,007.42 | $ 1,007.42 | $ 1,007.42 | $ 3,022.25 | $ 20,148.32 |
| Class 2d- Blue Bridge Financial | $ 1,633.72 | $ 1,633.72 | $ 1,633.72 | $ 4,901.15 | $ 32,674.32 |
| Class 2e- BMO Harris Bank | $ 21,810.51 | $ 21,810.51 | $ 21,810.51 | $ 65,431.52 | $ 436,210.12 |
| Class 2f- Ford Motor Credit | $ 2,079.14 | $ 2,079.14 | $ 2,079.14 | $ 6,237.42 | $ 41,582.81 |
| Class 2g- JB&B Capital | $ 1,708.95 | $ 1,708.95 | $ 1,708.95 | $ 5,126.84 | $ 34,178.93 |
| Class 2h- Midland States Bank | $ 10,268.55 | $ 10,268.55 | $ 10,268.55 | $ 30,805.64 | $ 205,370.95 |
| Class 2i- Mitsubishi HC Capital America, Inc. | $ 5,382.50 | $ 5,382.50 | $ 5,382.50 | $ 16,147.49 | $ 107,649.94 |
| Class 2j- Tandem Finance, Inc. | $ 1,512.03 | $ 1,512.03 | $ 1,512.03 | $ 4,536.08 | $ 30,240.55 |
| Class 2k- Tycoon Capital Group | $ 2,461.98 | $ 2,461.98 | $ 2,461.98 | $ 7,385.95 | $ 49,239.68 |
| Class 3- Bell County Tax Appraisal District | $ 3,336.67 | $ 3,336.67 | $ 3,336.67 | $ 10,010.00 | $ 66,733.34 |
| Texas Workforce Commission (Priority) | $ - | $ - | $ - | $ - | $ 13,873.50 |
| Class 4- General Unsecured Creditors | $ 22,500.00 | $ 22,500.00 | $ 22,500.00 | $ 67,500.00 | $ 412,500.00 |
| **SUBTOTAL** | $ 79,662.61 | $ 79,662.61 | $ 79,662.61 | $ 238,987.84 | $ 1,680,625.76 |
| | | | | | |
| **TOTAL EXPENSES** | **$ 770,953.74** | **$ 742,403.74** | **$ 776,303.74** | **$ 2,289,661.23** | **$ 14,975,309.56** |
| | | | | | |
| **NET INCOME** | **$ (105,953.74)** | **$ 37,596.26** | **$ 83,696.26** | **$ 15,338.77** | **$ 179,683.24** |
| | | | | | |
| **Ending Cash Balance** | $83,397.93 | $120,994.19 | $204,690.44 | | |

Payments to Secured Creditors assumes an interest rate of 8.5% (Prime + 1%), and may change if the Prime Rate changes.

# EXHIBIT C

## Secured Creditors Relating to Personal, Household Debts

**Debts owed to the following secured creditors shall be treated pursuant to existing agreements, which remain unchanged* by the chapter 11 plan of Patrick D. Horace Sr., and will remain paid out of Mr. and Ms. Horace's personal monthly income:**

| Secured Creditor | Collateral |
|---|---|
| Hyundai Finance | 2021 Hyundai Accent (VIN 3KPC34A64ME144968)<br>(Daughter pays) |
| Mercedes-Benz Financial Services | 2023 EQE500V4 (VIN W1KEG2CB4PF023529) |
| GM Financial | 2023 Chevrolet Corvette (VIN 1G1YC3D45P5113697)<br>(Wife Pays) |
| Chrysler Capital | 2023 Dodge Charger (VIN 2C3CDXL9XPH686479) |
| BB&T Dealer Financial Services | 2021 Lakota Charger Trailer 8317GLQ (VIN 58JGX3J22M1000579) |
| Wells Fargo Equipment Finance | 2019 Branson Compact Trailer |
| Lakeview Loan Servicing, LLC | 10019 FM 439, Belton, TX 76513 |
| Teresa Saunders | 207 Laurel Dr., Killeen, TX 76549 |

*For the avoidance of doubt, this Plan expressly provides that the foregoing secured creditors shall retain all applicable liens until the satisfaction of the underlying indebtedness and related agreements.

# EXHIBIT D

GENERAL UNSECURED CLAIMS

| **Claimant** | **Est. Amount** | **Allowed** | Disputed |
|---|---|---|---|
| Affirm, Inc. | $ 5,562.44 | Y | N |
| Ameris Bank d/b/a Balboa Capital | $ 161,913.04 | Y | N |
| Barclay Bank Delaware | $ 5,024.00 | Y | N |
| BTG - Violations | $ 18.86 | Y | N |
| Capital One | $ 3,552.00 | Y | N |
| Celtic Bank - Uplift | $ 201.00 | Y | N |
| Celtic Bank - Uplift | $ 1,204.00 | Y | N |
| CenterPoint Energy | $ 23,989.52 | Y | Y |
| Central Texas Regional Mobility Authority | $ 462.55 | Y | N |
| Citbank - Best Buy | $ 4,052.00 | Y | N |
| Creditors Relief | unknown | Y | N |
| Funders App, LLC | unknown | Y | N |
| Harris County Toll Road Authority | $ 1,565.20 | Y | N |
| Herc Rentals, Inc. | $ 179,962.39 | Y | N |
| Home Depot | $ 6,037.00 | Y | N |
| Internal Revenue Service | $ - | Y | N |
| Katelyn Martinez | unknown | Y | Y |
| Kohls/Capone | $ 253.00 | Y | N |
| MCTRA - Violations | $ 4.99 | Y | N |
| North Texas Tollway Authority | $ 40.81 | Y | N |
| North Texas Tollway Authority | $ 4,396.68 | Y | N |
| ODK Capital, LLC | $69,001.56 | Y | N |
| OnCor Electric Delivery | $ 49,841.78 | Y | Y |
| OneMain Financial Group, LLC | $ 9,348.76 | Y | N |
| Penn Credit Corporation | $ 48.28 | Y | N |
| Penn Credit Corporation | $ 48.26 | Y | N |
| Synchrony Bank - Care Credit | $ 4,431.00 | Y | N |
| Synchrony Bank - Lowe's | $ 1,487.00 | Y | N |
| T Mobile/T-Mobile USA Inc | $14,219.24 | Y | Y |
| Texas Workforce Commission | $ 12,638.97 | Y | N |
| Toyota Industries Commercial Finance | $ 85,868.98 | Y | N |
| TxTag | $ 1,150.00 | Y | N |
| Upgrade, Inc. | $1,203.85 | Y | N |
| Deficiency Claims of Secured Creditors | $ 682,241.55 | Y | N |
| **TOTAL UNSECURED CLAIMS** | $ 1,329,768.71 | | |

**EXHIBIT E**

**Monthly Personal Household Income and Expenses (Cash Basis)**

| | |
|---|---|
| Debtor Income | $ 16,000.00 |
| Non-Filing Spouse Income (Retired Military Pension) | $ 5,400.00 |
| **INCOME SUBTOTAL** | $ 21,400.00 |
| Mortgage & Home Insurance (Homestead) | $ 2,160.28 |
| Mortgage & Home Insurance (Rental Income Property) | $999.56 |
| Ad Valorem Taxes (Homestead) | $ - |
| Ad Valorem Taxes (Rental Income Property) | $ 250.00 |
| Timeshare Dues | $ 267.14 |
| Timeshare Contract | $ 335.00 |
| Debtor Vehicle | $ 1,800.00 |
| Non-Filing Spouse Vehicle | $ 2,261.41 |
| Auto Insurance | $ 2,080.00 |
| Horse Trailer | $ 547.45 |
| Miscellaneous Transportation Expenses, Maintenance, & Fuel | $ 700.00 |
| Carwash Subscription | $ 128.00 |
| Utilities - Trash, Water, & Electric | $534.03 |
| Internet, Cable, & Telephone | $ 650.00 |
| Home Maintenance & Repair | $ 75.00 |
| Clothing & Cleaning | $ 150.00 |
| Health Insurance & Healthcare Expenses | $ 165.00 |
| Dental Insurance & Expenses | $ 348.00 |
| Dental Implants | $ 447.00 |
| Prescription Drugs | $ 120.00 |
| Personal Care Products & Services | $ 300.00 |
| Gym Membership | $ 72.00 |
| Debtor Life Insurance | $ 169.00 |
| Non-Filing Spouse Life Insurance | $ 100.00 |
| Groceries | $ 1,000.00 |
| Entertainment | $ 200.00 |
| Domestic Animals & Livestock - Care and Upkeep | $ 1,500.00 |
| Discretionary/Emergency | $ 300.00 |
| **TOTAL EXPENSES** | $ 17,658.87 |
| **NET INCOME** | $ 3,741.13 |